UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLY MALONE, JEROME WATSON, SAMMY NG,
ERIC BROCKINGTON, ROBERT ABREU, DESIREE
WILSON, EVA LEE, OLIVIA WILSON, SHERRE
WILSON, ANGEL HERNANDEZ, MARCO GONZALEZ,     Case No. 07 CIV 9583 (LTS)
NYTRICHA SMITH AND DANIEL PAULINO,

          Plaintiffs,   **NOTICE OF MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANT UNION**

  -against-

NEW YORK PRESSMEN'S UNION NUMBER 2 AND
NEWS CORP AKA NYP HOLDINGS D/B/A THE NEW
YORK POST,

          Defendants.
-----------------------------------------------------------------------X

TO: Ian Sack, Esq.
   Frank & Associates, P.C.
   500 Bi-Country Blvd., 112N
   Farmingdale, NY 11735
   isack@laborlaws.com

   PLEASE TAKE NOTICE that Defendant New York City Newspaper Pressmen's Union No. 2 ("Defendant Union"), upon its accompanying Memorandum of Law, shall move the Court before the Honorable Laura Taylor Swain, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York for an Order dismissing plaintiff's lawsuit against Defendant Union, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, together with such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Rule 6.1 of this Court, Plaintiffs' answering papers shall be served ten business days after service of this motion and Defendant Union's reply papers shall be served within five business days of service of Plaintiffs' answering papers.

I HEREBY CERTIFY that, pursuant to Individual Practices of Judge Laura Taylor Swain, Practice 2.B, I have attempted to resolve this matter informally by persuading Plaintiffs' counsel that the Complaint against the Union is without merit. These efforts were a continuation of the Union's efforts during the fact finding proceedings before the Equal Employment Opportunity Commission in which the Union submitted detailed and extensive legal and factual statements demonstrating the lack of merit to the allegations and legal theories made by Plaintiffs' counsel. After the case was filed, we reiterated the view in summary fashion in a letter dated November 30, 2007 to Plaintiffs' Counsel that the action was wholly without merit. I received no response to the letter. Thereafter, in early December I called Plaintiffs' counsel to discuss our intention to make this motion. I am not aware that he returned my call. To ensure compliance with the rule, in an excess of caution, but with no expectation that the Complaint would be withdrawn, on December 20, 2007, I faxed a second letter and left another telephone message detailing Defendant Union's position. Plaintiffs' counsel was in court when I called. When by 4:00 P.M. on December 20, 2007, I had not heard back

from him, we proceeded to finalize the papers so that they could be filed and served.

Dated: New York, New York
       December 20, 2007

                                              Yours Truly,

                                              LEVY RATNER P.C.

                                              By: /s/ Daniel Engelstein
                                              Daniel Engelstein (DE-2499)
                                              Attorneys for Defendant Union
                                              80 8th Avenue, Floor 8
                                              New York, New York 10011
                                              (212) 627-8100
                                              (212) 627- 8182 (fax)
                                              Dengelstein@lrbpc.com