UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WILLY MALONE, JEROME WATSON, ROBERT
ABREU, DESIREE WILSON, EVA LEE, OLIVIA
WILSON, SHERRE WILSON, ANGEL HERNANDEZ,
NYTRICHA SMITH AND DANIEL PAULINO,

                                      Plaintiffs,

                   -against-

NEW YORK PRESSMEN'S UNION NUMBER 2 AND
NEWS CORP. AKA NYP HOLDINGS D/B/A THE NEW
YORK POST,

                                    Defendants.
-------------------------------------------------------------------------X

Case No. 07 CIV 9583 (LTS)

**ECF CASE**

**DEFENDANT UNION'S MEMORANDUM IN OPPOSITION TO MOTION
TO AMEND THE COMPLAINT**

LEVY RATNER, P.C.
Attorneys for Defendant
New York Pressmen's Union
Local Number 2
80 Eighth Avenue, 8th Floor
New York, New York 10011-5126
(212) 627-8100
(212) 627-8182 (fax)

On the Brief:
Daniel Engelstein
Carl J. Levine

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLY MALONE, JEROME WATSON, ROBERT
ABREU, DESIREE WILSON, EVA LEE, OLIVIA
WILSON, SHERRE WILSON, ANGEL HERNANDEZ,
NYTRICHA SMITH AND DANIEL PAULINO,

Case No. 07 CIV 9583 (LTS)

                           Plaintiffs,

**ECF CASE**

               -against-

NEW YORK PRESSMEN'S UNION NUMBER 2 AND
NEWS CORP. AKA NYP HOLDINGS D/B/A THE NEW
YORK POST,

                          Defendants.
-----------------------------------------------------------------------X

### DEFENDANT UNION'S MEMORANDUM IN OPPOSITION TO MOTION TO AMEND THE COMPLAINT

### PRELIMINARY STATEMENT

       Defendant Union submits this memorandum in opposition to Plaintiffs' motion for leave to file a Second Amended Complaint. As Plaintiffs concede, leave to file an amended complaint is properly denied, *inter alia*, when the proposed amendments would be futile. As demonstrated below, that is precisely the case here.

       The legal arguments underlying the Union's Motion to Dismiss, which is fully submitted, apply equally to the initial Complaint filed on October 26, 2007, the First Amended Complaint filed on January 31, 2008, and the Proposed Second Amended Complaint, which is the subject of Plaintiffs' current motion.[1]  The Proposed Second

---

[1] The Union's Reply Memorandum was filed and served on March 12, 2008. The accompanying Declaration of Daniel Engelstein, dated April 3, 2008, sets forth the procedural chronology of the various complaints, the Union's Motion to Dismiss, and Plaintiffs' Motion for Leave to File a Second Amended Complaint, the termination of that motion and its reinstatement.

Amended Complaint was filed with the Court as Exhibit B to the February 19, 2008 Declaration of Jennifer L. DeVenuti.[2]

Notwithstanding the Union's multiple attempts to advise Plaintiffs of the legal deficiencies in the various iterations of their Complaint, Plaintiffs have failed to amend the Complaint in a way that would cure these defects.  Each Complaint has failed to allege facts that provide adequate notice of the nature of Plaintiffs' claims, whether they are timely, or whether they otherwise state a basis upon which relief could be granted.  This, despite the fact that these deficiencies involve matters that are clearly within Plaintiffs' knowledge.

## ARGUMENT

### I.    THE APPLICABLE LEGAL STANDARD

While a party may amend a complaint once "as a matter of course," subsequent amendments require leave of the court or written consent of the adverse party.  Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Rule 15.  Although leave to file amended complaints "shall be freely given when justice so requires" (id.) the right to do so is not automatic.

---

[2]  Pursuant to an agreement between the parties, with the consent of the Court, Plaintiffs drafted a revised Proposed Second Amended Complaint which was sent to Defendant Union for review on March 5, 2008.  After reviewing the revised Proposed Second Amended Complaint the Union declined to consent to the filing of that Complaint based on its view that the revisions did not cure the legal defects that existed in the earlier versions of the Complaint.  Thereafter, on or about March 14, 2008, the Court granted Plaintiffs' request to reinstate its earlier motion to amend the Complaint.  Rather then file a new motion in an attempt to submit their revised Second Amended Complaint, Plaintiffs opted to have their earlier motion reinstated.  Thus, the present motion addresses Plaintiffs' request for leave to file the Second Amended Complaint, dated February 19, 2008.  It does not involve the revised Second Amended Complaint which has never been filed with the Court.  Declaration of Daniel Engelstein at ¶¶ 16-23.

Courts review proposed amendments to determine whether they would be futile, whether the movant is acting in bad faith, whether the proposed amendments would prejudice the non-movant, or whether they would lead to undue delay.  *See*, Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987); Neshewat v. Salem, 365 F. Supp. 2d 508, 515 (S.D.N.Y. 2005).

## II.    LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT SHOULD BE DENIED ON THE BASIS OF FUTILITY

Plaintiffs concede that "Proposed Amended Complaints cannot be futile." Plaintiffs' Memorandum of Law in Opposition to Union's Motion to Dismiss at 15.

An amendment is considered futile "if the amended pleading fails to state a claim, or would be subject to a motion to dismiss on some other basis." Neshewat v. Salem, 365 F. Supp. 2d at 516.  *See also*, Ellis v. Chao, 336 F.3d 114, 126-127 (2d Cir. 2003); Tri-State Judicial Servs., Inc. v. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).

This Court has cautioned that amendments must "contain sufficient facts, in terms of dates and identification of persons, incidents and actions taken, to give Defendants fair notice of what Plaintiff's discrimination claims are and the factual grounds upon which they rest."  Martinez v. Sulner, 2006 U.S. District LEXIS (S.D.N.Y. March 23, 2006) (Swain, J.).  "When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice."  Liner v. Goord, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000) (citing Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1978).  *See also*, O'Brien v. Price Waterhouse, 740 F. Supp. 276, 284 (S.D.N.Y. 1990) ("Plaintiffs have already been granted one

opportunity to amend their pleadings, and they have failed to do so in a satisfactory fashion . . . The Court therefore declines to allow plaintiffs to file a third pleading in this case, based on the expected futility of such a pleading and the costs and potential prejudice which would be caused to defendants. ").

In the present case the Proposed Second Amended Complaint does not contain allegations which would cure the legal deficiencies cited by the Union in its Motion to Dismiss.  The amendments contained in the Proposed Second Amended Complaint are minor and immaterial in the context of the legal issues raised by the Union.  No attempt was made to provide even the most basic information concerning the chronology of events as to each Plaintiff in response to the contentions that the general allegations are untimely or otherwise barred by previous lawsuits.  *See*, Union's Initial Memorandum of Law in Support of the Motion to Dismiss.  Similarly, no clarification was provided from which it could be inferred that similarly situated white males, who also served as Junior Pressmen, were given preferential treatment.

The Proposed Second Amended Complaint, like the Initial Complaint and the First Amended Complaint, is legally deficient and would be subject to dismissal, for the same reasons stated in connection with the pending Motion to Dismiss.  Thus, granting leave to file the new Complaint would be futile.

### III.    LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT SHOULD ALSO BE DENIED BECAUSE OF PLAINTIFFS' BAD FAITH

### A.    Despite the Fact that Plaintiffs Were Put on Notice as to the Legal Deficiencies in Their Earlier Complaints They Have Failed to Address These Deficiencies

Plaintiffs have been repeatedly been put on notice as to the deficiencies in the various versions of their Complaint.  Aside from the arguments made in the Motion to Dismiss, the Union has provided Plaintiffs with a detailed critique of their Complaints in an effort to afford Plaintiffs a full opportunity to correct what the Union viewed as deficiencies in their pleadings, including most recently, a six page single spaced letter analyzing their revised Proposed Second Amended Complaint.  *See*, Exhibit C to the Engelstein Declaration.  The Union even provided Plaintiffs' counsel with the Union's detailed submission to the EEOC, with supporting documentation, to ensure that Plaintiffs were aware of the context, including facts that could not be reasonably disputed.  *See*, Exhibit B to the Engelstein Declaration.  Yet none of the inaccuracies, generalities, or other flaws contained in the earlier versions of the Complaint were materially addressed in the Proposed Second Amended Complaint.

The failure to address these explicitly identified legal deficiencies in the Proposed Second Amended Complaint evidences bad faith.  There is no excuse, once the issues were raised by the Union, for not alleging basic facts, as to each Plaintiff, concerning their employment and the nature and timing of the allegedly adverse employment actions and impacts caused by the Union's conduct.  By way of illustration, although alleging discrimination in the hiring of Casuals, the Proposed Second Amended Complaint fails to allege *when* the named Plaintiffs became Junior Pressmen, and stopped being hired as Casuals.  This was no mere oversight.  Rather, this information was omitted because its

inclusion would have made it clear that allegations concerning their treatment as Casuals involve conduct well beyond any applicable statute of limitations.[3]

**B.      Plaintiffs Have Failed to Remove Allegations That Have Been Previously Dismissed with Prejudice By This Court**

As pointed out to Plaintiffs in the Union's motion papers, and in its March 7, 2008 letter (attached as Exhibit C to the Daniel Engelstein Declaration), many of the claims asserted by Plaintiffs were raised in separate actions and were previously dismissed with prejudice.   These claims are this barred under the doctrine of *res judicata.*

Plaintiffs have engaged in bad faith legal practice by not making it clear to the Court the extent claims involving each of the named Plaintiffs have previously been withdrawn with prejudice.   They compound their improper action by reasserting these precluded claims, again without acknowledging their status, in their Proposed Second Amended Complaint.

## CONCLUSION

For the foregoing reasons Defendant Union respectfully requests that the Motion for Leave to File a [Second] Amended Complaint be denied, and the Amended Complaint be dismissed.  Further, in light of the vexatious nature of the litigation the Union asks the

---

[3]   Other examples of the legal deficiencies in the pleadings contained in the Proposed Second Amended Complaint are provided in the Declaration of Daniel Engelstein, and attached exhibits, filed by the Union in opposition to the Motion for Leave to Amend.  These legal deficiencies are also detailed in the Union's Memoranda filed in support of its Motion to Dismiss.  While this Motion specifically addressed legal deficiencies in the Initial Complaint and the First Amended Complaint, a review of the Proposed Second Amended Complaint shows that the deficiencies identified in connection with the Motion to Dismiss have not been addressed by Plaintiffs.

Court to impose sanctions against Plaintiffs' attorneys, and to compel them to reimburse

the Union's legal fees, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1927.

Dated: New York, New York
      April 3, 2008

By:         /s/        
Daniel Engelstein (DE-2499)
LEVY RATNER, P.C.
80 Eighth Avenue
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)

Attorneys for Defendant
NEW YORK PRESSMEN'S
UNION NUMBER 2

On the Brief
Daniel Engelstein
Carl J. Levine