**EXHIBIT A**

# LEVY RATNER, P.C.
### Attorneys at Law
### 80 Eighth Avenue
### New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182



Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Kevin Finnegan
Carl J. Levine
David Slutsky^
Allyson L. Belovin
Suzanne Hepner*

Ezekiel D. Carder°
Dana E. Lossia*
Sara D. Newman*
Susan J. Cameron^
Micah Wissinger*

Senior Counsel:
Richard Dorn
Jennifer J. Middleton*
Paul Schachter□
Denise Reinhardt*

Counsel:
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz*

December 20, 2007

**BY FACSIMILE AND**
**FIRST-CLASS MAIL**

Mr. Ian M. Sack
Frank & Associates, P.C.
500 Bi-Country Boulevard, Suite 112N
Farmingdale, New York 11735

Re:  Malone et. al v. NY Pressmen's Union Number 2
     Case No. 07 Civ 9583 (LS)

Dear Mr. Sack:

Two weeks ago I left you a message asking you to call me back to discuss the motion to dismiss the Complaint we intended to file. I am not aware that you returned my call. Earlier today I called your office and left you message that we still intended to file a motion to dismiss, laying out the grounds for this motion, and asking you to call me back to discuss this motion.

As our time for an answer or move expires tomorrow, in accordance with the Judge Swain's rules, I am writing this pre-motion letter with respect to the matters that we intend to raise in the motion.

Among the grounds upon which the motion will seek dismissal of the Complaint are the following:

> (1) That the claims related to the hiring at the shape are time barred, notwithstanding the allegations that such alleged past discrimination affects the current seniority status of those Plaintiffs who are members of the bargaining unit. Although the Complaint is largely devoid of specific dates, in connection with both the alleged discrimination in hiring and other matters, any alleged discrimination of Plaintiffs (except for Eva Lee), in their role Casuals, took place more than 300 days prior to Mr. Malone filing his first EEOC charge. The claims of the other Plaintiffs are similarly time barred. Put another way, the discrimination that allegedly occurred

LEVY RATNER, P.C.

[Name and Address]
December 20, 2007
Page 2

prior to the Plaintiffs becoming Juniors is time barred because all of them became Juniors outside the limitations period.

(2) As to Eva Lee, she is not a member of the Union and has not qualified for Junior Status in the Pressroom. There are no allegations in the Complaint that she has shaped as a Casual in the pressroom and was discriminated against within the limitations period in this regard. Indeed, her separate pending lawsuit against the Post does not allege any discrimination in hiring for the pressroom during any applicable limitations period. Rather that complaint appears to focus on alleged discrimination in connection with the mailroom. In any event, to the extent, if at all, that Ms. Lee is alleging discrimination in connection with her efforts to shape as a Casual it is not clear how the Union would be involved as the Union does not hire Casuals or maintain the Casual hiring list.

(3) In addition, the Wilson plaintiffs and Jerome Watson filed a previous separate discrimination action arising out of the same transactions against the Union. They withdrew all claims with prejudice against the Union. The order entering that withdrawal was entered March 13, 2006. Thus, all else aside, any claims based upon events occurring prior to that date would be precluded. Similarly, some of Paulino's claims are precluded by the dismissal of his earlier lawsuit which alleged, *inter alia*, discrimination based on the supposed manipulation of seniority lists

(4) With respect to the claims relating to the transfer of Journeymen in 2006, the Complaint alleges that all non-Journeyman pressmen were affected by the transfers. As you are aware, the approximate ratio of white male to minority and female Juniors on the Post shop priority list is 2 to 1. As the group of white male Juniors is similarly situated to the minority and female Juniors, and both groups were equally affected by the transfers, there does not appear to be any basis in the Complaint from which it could be reasonably inferred that the motivation for the transfers was to discriminate against women and minorities. If the theory of your complaint is that, absent past discrimination, Plaintiffs would have been higher up on the list and not passed over by the transfer, such a claim is precluded by the Supreme Court authority barring claims that assert that a union's reliance on a seniority system is unlawful based on the effects of past discrimination.

(5) With respect to the Executive Law claims, not only are they otherwise untimely, and without basis, but the allegations fail to comply with the requirements of Martin v. Curran.

(6) Finally, your firm is aware of how the seniority system works given the affidavits

LEVY RATNER, P.C.

[Name and Address]
December 20, 2007
Page 3

    in the Paulino case outlining in detail the seniority system, as well as the information provided to your firm in the EEOC investigation. Indeed, although you claimed in the Paulino case that his dates on the Revision List was improperly calculated, the existence of a mechanical industry wide seniority system in which Journeymen have seniority over Juniors was undisputed. Notwithstanding some vague allegations to the contrary (which apparently confuse the JAC date with the Revision List date), we do not read the Complaint as alleging that the Union's seniority system is other than a mechanical one based upon set formulae to determine one's rank on the list.

  In light of the above I ask that you voluntarily withdraw the Complaint as to the Union. Unless you agree to do so we intend to file the motion to dismiss tomorrow. Please call me today so we can discuss this matter further.

                Very truly yours,

                Daniel Engelstein

DDE:cb