UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
WILLY MALONE, JEROME WATSON, ROBERT ABREU,
DESIREE WILSON, EVA LEE, OLIVIA WILSON,
SHERRE WILSON, ANGEL HERNANDEZ, NYTRICHA
SMITH and DANIEL PAULINO,

                                    Plaintiffs,                  Case Number:
                                                          07-CV-9583
                                                          (LTS) (GWG)

    -against-

NEW YORK PRESSMEN'S UNION NUMBER 2
and NEWS CORP a.k.a. NYP HOLDINGS d/b/a
THE NEW YORK POST,

                                    Defendants.
-------------------------------------------------------------------

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' CROSS-MOTION
TO AMEND THE COMPLAINT**

                                                    Jennifer L. DeVenuti, Esq. (JD-5778)
                                                    Neil M. Frank, Esq. (NF-0251)
                                                    **FRANK & ASSOCIATES, P.C.**
                                                    *Attorneys for Plaintiffs*
                                                    500 Bi-County Blvd., Suite 112N
                                                    Farmingdale, New York 11735
                                                    Phone:    (631)756-0400
                                                    Facsimile: (631) 756-0547

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i, ii

I. PRELIMINARY STATEMENT ........................................................................................ 2

II. FACTUAL BACKGROUND .............................................................................................. 2

III. ARGUMENT ....................................................................................................................... 2

    A. **PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT.** ......................................................... 2

        Rule 15(a) standard to amend a Complaint ........................... 2

            Plaintiff is not guilty of Undue Delay .......................... 4

            The Proposed Amendments are not futile ................... 4

    B. **PLAINTIFFS' MOTION IS MADE ON GOOD FAITH.** ........................ 7

      a. Danny Paulino's Claims in this matter are not barred based Upon the dismissal of his ERISA claims with prejudice ............. 7

      b. Assuming *arguendo* Plaintiffs' Lee and Paulino's claims are barred by the doctrine of *res judicata*, the remaining Plaintiffs should not be barred from filing an Amended Complaint .......... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Bin Saud v. Bank of New York*, 734 F.Supp. 628 (S.D.N.Y. 1990)..........................8

*Bloomquist v. Brady*, 894 F. Supp. 108 (W.D.N.Y. 1995).........................…..….8

*Clarke v. TRW, Inc.*, 921 F.Supp. 927 (N.D.N.Y. 1996).........................................4

*Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000)................................…....5

*Cullen v. Paine Webber Group, Inc.*, 689 F.Supp. 269 (S.D.N.Y. 1988)...................8

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962)...............................…..……..2

*Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636 (2d Cir. 2000)..............................6

*Granser v. Box Tree South, Ltd.*, 164 Misc. 2d 191, 623 N.Y.S. 2d 977 (Sup. Ct. N.Y. Cty. 1994).................................................................................................4

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001)..................................…..………..5

*Kraus v. Brandsetter*, 185 A.D.2d 302 (2d Dep't 1992)......................................... 7

*Meagher v. Bd. of Trustees of Pension Plan*, 921 F.Supp. 161 (S.D.N.Y. 1995), *aff'd on other grounds*, 79 F.3d 256 (2d Cir. 1996)...............................................8

*Monahan v. N.Y.S. Dept. of Corrections*, 214 F.3d 275 (2d Cir. 2000)...............…..4

*Richardson v. New York State Department of Correctional Services*, 180 F.3d 426 (2d Cir. 1999)...............................................................................…....5

*Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749 (2d Cir. 2004)..............…...5

*Schenk v. Mine Management Compant, Inc., et al.*, Not Reported in F.Supp., 1997 WL 31400 (N.D.N.Y. 1997)...............................................................8

*Securities and Exchange Commission v. First Jersey Securities*, 1996 WL 798612 (2d Cir. 1996)...............................................................................9

*Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87

(2d Cir. 2001)..................................................................................................5

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506,, 122 S.Ct. 992 (2002)........................3

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003).................................................6

*Thompson v. County of Franklin*, 1996 WL 341988 (N.D.N.Y. 1996).....................8

*Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376 (2d Cir. 2001)..............6

<u>Statutes:</u>

Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000(e)..........................5

New York Executive Law §§292, *et seq.* .................................................................5

ERISA 29 U.S.C. §§ 1001, *et seq*...........................................................................9

Federal Rule of Civil Procedure 15..........................................................................2

## I. PRELIMINARY STATEMENT

Plaintiffs, by and through their attorneys, FRANK & ASSOCIATES, P.C., submit this Reply Memorandum of Law in further support of Plaintiffs' Motion for Leave to File an Amended Complaint, annexed to the Reply Declaration of Jennifer L. DeVenuti, Esq. as Exhibit "B" and does not involved the Proposed Second Amended Complaint which was exchanged between the parties, but never filed as part of any motion papers.

## II. FACTUAL BACKGROUND

Plaintiffs rely on all the facts and information submitted within Plaintiffs' Cross-Motion for Leave to Amend the Complaint (submitted as part of Plaintiffs' Opposition to Defendant Union's Motion to Dismiss) and the supporting documentation therein, as well as the Reply Declaration of Jennifer L. DeVenuti, Esq., and as such, will not restate such facts herein.

## III. ARGUMENT

### A. PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT.

#### Rule 15(a) standard to amend Complaint

A party may amend the pleadings by leave of court when justice requires the amendment. Rule 15(a) Fed. R. Civ. P., "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

2

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given.'" *Id.*

Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests permission to file an amended complaint to clarify Plaintiff's claims of violations of law, rules or regulations that Defendant allegedly violated and state these violations created a pattern-or-practice of discrimination which adversely affected minorities, including African-Americans, Hispanics and women. Also, the Complaint filed via the Court's Electronic Filing system was missing the text of Page 5 of the original Complaint, and as such, Plaintiffs wish to correct that error by submission of an Amended Complaint, as well as correct errors in the numbering of paragraphs.

Plaintiffs are only seeking to clarify the general allegations propounded in the original Complaint (attached to the Reply Declaration of Jennifer L. DeVenuti, Esq. in Support of Plaintiffs' Motion for Leave to File an Amended Complaint as Exhibit "A") and adhere to the pleading requirements to allege short, plain statements of fact.

Plaintiffs contend the pleadings on their face are sufficient to state a claim under Title VII and the New York State Human Rights Law. However, if the Court disagrees, justice requires the Plaintiffs to be allowed to clarify their claims. This is the first request for any amendments to the pleadings.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002). Under the liberal notice pleading standard, all pleadings are to be construed so as to do substantial justice, and a court can dismiss a complaint only if it is clear that no relief

could be granted under any set of facts consistent with the allegations. *Swierkiewicz*, at 513-514, 998-999). This simplified pleading system was adopted to focus litigation on the merits of a claim. *Id*. Plaintiff's Complaint satisfies the requirements of Rule 8 as stated above because it gave Defendants fair notice of the basis of Plaintiffs' claims. *Granser v. Box Tree South, Ltd.*, 164 Misc.2d 191, 623 N.Y.S.2d 977 (Sup. Ct. N.Y. 1994). If, however the Court disagrees, justice requires Plaintiffs be permitted to clarify their Complaint.

Rule 15(a) specifies that leave of court to amend a pleading "shall be freely given when justice so requires." *Fed.R.Civ.P. 15(a)*. The Rule reflects one of the most important principles behind the Federal Rules, namely, pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated. *Monahan v. N.Y.S. Dept. of Corrections*, 214 F.3d 275 (2d Cir. 2000).

**Plaintiff is not guilty of Undue Delay**

In making its determination, the court must evaluate whether the amendment is proposed in good faith; whether the amendment would cause undue delay; the extent to which it would prejudice the other party; whether Plaintiff has previously amended his complaint and futility of the amendment. *Clarke v. TRW, Inc.*, 921 F.Supp. 927, 932 (N.D.N.Y. 1996), citing *Foman v. Davis*, 371 U.S. 178 *182 (1962).

Plaintiff here is not guilty of undue delay. Plaintiff's original complaint was filed on or about October 26, 2007 and as part of Plaintiffs' Opposition to Defendant Union's Rule 12(b)(6) Motion to Dismiss, moved for leave to file an Amended Complaint in order to clarify Plaintiffs' claims.

**The Proposed Amendments are not futile**

Proposed Amended Complaints cannot be futile. *Foman v. Davis*, supra. Title VII and New York State Human Rights Law require a Plaintiff to plead a *prima facie* case. To establish a *prima facie* case of discrimination, Plaintiff must show, by a preponderance of the evidence the following: (1) he is a member of a protected class; (2) the individual is qualified for the position in question; (3) there was an adverse employment action; and (4) the adverse employment action took place under circumstances giving rise to an inference of discrimination. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir. 2000).

Plaintiffs are members of the classes protected by Title VII and the New York State Human Rights Law. Plaintiffs are African Americans, Hispanics and women, all protected classes.

All the Second Circuit requires is "establishing the plaintiff's basic eligibility for the position at issue." *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 92 (2d Cir. 2001); *Gregory v. Daly*, 243 F.3d 687, 696 (2d Cir. 2001) (holding Plaintiff need only show he "possesses the basic skills necessary for perfomance of [the] job."). All of the plaintiffs possessed the basic skills necessary for perfomance of the duties required by the Post.

An "adverse employment action is a 'materially adverse change' in the terms and conditions of employment." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004), quoting *Richardson v. New York State Department of Correctional Services*, 180 F.3d 426, 446 (2d Cir. 1999). "Examples of materially adverse changes include, but are not limited to, 'termination of employment, a demotion evidence by a decrease in wages or salary, a less distinguished title, a material loss of benefits,

significantly diminished material responsibilities, or other indices…unique to a particular situation.'" *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003), quoting *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).

One of the adverse employment actions suffered by Plaintiffs came at the time the eleven (11) Journeymen were transferred from the Daily News in May 2006. This transfer prevented Plaintiff from being afforded opportunities to work as anything other than Casuals, Junior Pressmen and Permit Journeymen. The positions of Journeymen and Foreman and other positions of seniority were given to Caucasian males. Prior to the transfer, the Plaintiffs would have had more opportunities for advancement, but due to the continuous pattern-or-practice perpetrated and endorsed by the Defendant, they were unable to do so.

Plaintiffs were, and continue to be, denied work under circumstances giving rise to an inference of discrimination. The mere fact these work positions are being filled by individuals outside Plaintiffs' protected classes are sufficient to establish the required inference of discrimination at the *prima facie* stage of analysis. *Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001).

It is Plaintiffs' contention the Complaint is specific enough to satisfy the pleading requirements of Title VII and New York State Human Rights Law. Plaintiff has put Defendant on notice as to the claims and allegations therein. This amended complaint comes before any discovery has been commenced, and is in response to Defendant's Pre-Answer Motion to Dismiss.

The purpose of Plaintiffs' proposed amendments to the complaint are to clarify and not to add new theories of liability or to cause delay. Plaintiffs submit that the

original complaint was pled with sufficient specificity, but if the Court rules otherwise, Plaintiffs respectfully request leave to file an Amended Complaint.

Plaintiff cited Title VII and New York State Human Rights Law in their Complaint, and pled, with sufficient specificity, the improper discriminatory actions taken by Defendant, thereby providing notice of the specific conditions underlying the allegations in the Complaint. *Barbara Kraus v. Robert Brandsetter*, 185 A.D.2d 302 (2d Dept. 1992). Since Defendant has filed and served a pre-answer motion, Plaintiffs contend this is an opportune time to request leave to file an amended complaint in this action to further clarify the allegations therein. Since there are no additional claims or additional allegations, Defendant suffers no prejudice by allowing the proposed amendments. *Granser v. Box Tree South, Ltd.*, 164 Misc. 2d 191, 623 N.Y.S. 2d 977 (Sup. Ct. NY Cty. 1994).

### B. **PLAINTIFFS' MOTION IS MADE ON GOOD FAITH.**

In their Opposition papers to the instant motion, Defendant Union sets forth at length, their repeated attempts to "bring to our attention" the various alleged deficiencies in the case and our "repeated failures" to correct them (Def. Memo of Law at pp. 2-3, and 5-6). Plaintiffs submit that allowing this case to proceed through a full and fair opportunity for discovery on all the issues will elicit all of the factual information needed to decide the case on the merits. Plaintiffs do not have any legal obligation to rely on representations made by Defendant's counsel in order to properly plead a case at this early stage. If additional information becomes revealed during discovery which lends credence to Defendant's factually-based arguments, Plaintiffs will proceed accordingly.

#### a. **Danny Paulino's claims in this matter are not barred**

### based upon the dismissal of his ERISA claims with prejudice.

Defendant Union asserts Plaintiff Danny Paulino's claims in this matter are barred by the doctrine of *res judicata*, based upon the dismissal with prejudice of his ERISA claims on or about January 3, 2008 [*Paulino v. News Corp., also known as NYP Holdings, Inc., doing business as The New York Post*, 07-CV-8593 (GBD)]. It is Plaintiffs' position Paulino's claims in this matter are not barred based upon the Stipulation of Dismissal.

The doctrine of *res judicata* rests on three (3) elements. Defendants must demonstrate that: (1) the court rendered a final judgment of the merits in the prior case; (2) the prior suit involved the same parties or their privies; and (3) the opponent bases the subsequent suit on the same causes of action." *Schenk v. Mine Management Company, Inc., et al.*, Not Reported in F.Supp., 1997 WL 31400 (N.D.N.Y. 1997). Plaintiff submits the first two (2) elements are met as to Plaintiff Paulino. However, it is the third element which Plaintiff contends is at issue. In *Thompson v. County of Franklin*, 1996 WL 341988 (N.D.N.Y. 1996, the Court held that the "first suit and subsequent case must involve the same causes of action, otherwise *res judicata* **will not bar the second action**." *Thompson*, at *3 (emphasis added), quoting *Bloomquist v. Brady*, 894 F.Supp. 108 (W.D.N.Y. 1995). The Second Circuit has adopted a "broad view of what constitutes the same cause of action for *res judicata* purposes." *Id.* (quoting *Bin Saud v. Bank of New York*, 734 F.Supp 628 (S.D.N.Y. 1990), *aff'd on other grounds*, 929 F.2d 915 (2d Cir. 1991)). Further, the requirement of "identity of cause of action" does not mean that the claims alleged be identical..." (*Meagher v. Bd. Of Trustees of Pension Plan*, 921 F.Supp. 161 (S.D.N.Y. 1195, *aff'd on other grounds*, 79 F.3d 256 (2d Cir. 1996)) (quoting *Cullen*

8

*v. Paine Webber Group, Inc.*, 689 F.Supp. 269 (S.D.N.Y. 1988)). It is not dispositive that the two proceedings in issue involved the same "parties, similar or overlapping facts, and similar legal issues…" *Securities and Exchange Commission v. First Jersey Securities*, 1996 WL 708612 (2d. Cir. 1996).

The Second Circuit has recognized three (3) factors, none of which are "necessarily dispositive," to determine whether claims are "integrally related." *Schenk*, at *3. A court must consider "whether the same transaction or connected series of transactions are at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first. *Id.* The Complaint at issue here, in relation to Plaintiff Paulino was based upon Defendant's alleged violations of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. The instant case is based upon allegations of discrimination pursuant to Title VII, New York State Human Rights Law and New York City Administrative Code. Plaintiff submits the two cases are separate from each other and the facts are not "inextricably intertwined" with each other so as to form a convenient trial unit." *Id*. at 7. The cases herein are separate and apart, and the instant claims, as to Plaintiff Paulino, are not barred by the doctrine of *res judicata*.[1]

### b. Assuming *arguendo* Plaintiffs' Lee and Paulino's claims are barred by the doctrine of *res judicata*, the remaining Plaintiffs should not be barred from filing an Amended Complaint.

As more fully stated above, Plaintiffs should be granted leave to file an Amended Complaint and to proceed with full and proper discovery proceedings as Ordered by this

---

[1] Defendant also makes a *res judicata* argument as to Plaintiff EVA LEE'S claims. This firm filed a "Motion to be Withdrawn as Counsel" for Ms. Lee as irreconcilable differences have arisen relating to the parties' differing opinions as to the proper course of proceeding with this matter. That motion is currently pending before this Court.

Court. If the Court deems Plaintiffs' Paulino and Lee's claims to be barred, there should be no prejudice to the other remaining Plaintiffs to have their claims fully adjudicated before the Court to a proper conclusion.

## CONCLUSION

This Court should allow this matter to proceed on all claims as set out in Plaintiff's complaint, or in the alternative, grant Plaintiffs leave to file and serve an Amended Complaint.

Dated: Farmingdale, New York
       April 25, 2008

                              Respectfully submitted,

                              **FRANK & ASSOCIATES, P.C.**
                              *Attorneys for Plaintiff(s)*

By: /s/ Jennifer L. DeVenuti
                              Jennifer L. DeVenuti, Esq. (JD-5778)
                              Neil M. Frank (NF-0521)
                              500 Bi-County Blvd. 112N
                              Farmingdale, New York 11735
                              (631) 756-0400 – Telephone
                              (631) 756-0547 – Facsimile

To:
Daniel Engelstein, Esq. (DE-2499)
Levy Ratner, P.C.
Attorneys for Defendant Union
80 8th Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 – Telephone
(212) 627-8182 – Facsimile