Docket No.:
07-CV-9583 (LTS) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLY MALONE, et al.,

Petitioners,

-against-

NEW YORK PRESSMEN'S UNINION
NUMBER 2 and NYP HOLDINGS d/b/a
THE NEW YORK POST

Defendants.

## MEMORANDUM OF LAW

RIVKIN RADLER LLP,
Attorneys for Defendant
NYP HOLDINGS, INC.
926 Rexcorp Plaza
Uniondale, New York  11556-0926
(516) 357-3000

-and-

HOGAN & HARTSON, LLP
Attorneys for Defendant
NYP HOLDINGS, INC.
875 Third Avenue
New York, New York  10022
(212) 918-3000

OF COUNSEL:

Barry I Levy, Esq.
Kenneth A. Novikoff, Esq.
Max Gershenoff, Esq.
Michael Starr, Esq.
Christine Marie Wilson, Esq.

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF RELEVANT FACTS....................................................................1

ARGUMENT...............................................................................................................3

    I.   DISMISSAL UNDER RULE 12(B)(6) IS AVAILABLE WHERE, AS HERE, THE
        COURT CAN TAKE JUDICIAL NOTICE OF PRIOR AJUDICATORY FACTS. ...........3

    II.  RES JUDICATA REQUIRES DISMISSAL OF PAULINO'S AND LEE'S CLAIMS
        PURSUANT TO RULE 12(b)(6)........................................................................4

    III. SANCTIONS SHOULD BE IMPOSED PURSUANT TO 28 U.S.C. § 1927 ...................9

CONCLUSION .........................................................................................................10

TABLE OF CONTENTS .............................................................................................i

TABLE OF AUTHORITIES..................................................................................... ii

## TABLE OF AUTHORITIES

### CASES

186 F.2d 236 (2d Cir. 1951) ...........................................................................4

Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40 (2d Cir. 1991)(emphasis added) .............3

Bell Atl. Corp. v. Twombly, --, U.S. -- 127 S. Ct. 1955 (2007)........................................3

Brass v. American Film Technologies, Inc., 987 F.2d 142 (2d Cir. 1993) ....................1, 3

Cameron v. Church, 253 F. Supp. 2d 611 (S.D.N.Y. 2003)................................................7

Ceveceria Modelo, S.A. v. USPA Accessories LLC, 2008 WL 1710910
    (S.D.N.Y. Apr. 10, 2008) .........................................................................................3

Day v. Moscow, 955 F.2d 807 (2d Cir. 1992).....................................................................4

Gant v. Wallingford Board of Education, 69 F.3d 669 (2d Cir. 1995)................................3

Interoceanica Corp. v. Sound Pilots, 107 F.3d 86 (2d Cir. 1997) .....................................7

Marvel Characters v. Simon, 310 F.3d 280 (2d Cir. 2002) ................................................5

Monahan v. New York City Department of Corrections, 214 F.3d 284-285 (2d
    Cir. 2000).................................................................................................................5

Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986)(emphasis added) ......................................5

Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361
    (S.D.N.Y. 1997) (on a Rule 12(b)(6)...................................................................1, 4

Perez v. Danbury Hospital, 347 F.3d 419 (2d Cir. 2003)...................................................4

Pike v. Freeman, 266 F.3d 78 (2d Cir. 2001) .....................................................................5

Revson v. Cinque & Cinque, 221 F.3d 71 (2d Cir. 2000)..................................................10

Rose v. Bethel, 2007 WL 2476389 (S.D.N.Y. 2007)..........................................................4

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) ................................................3

Samuels v. Northern Telecom, Inc., 942 F.2d 834 (2d Cir. 1991) ......................................8

See EDP Med. Computer Sys. v. United States, 480 F.3d 621 (2d Cir. 2007) ...................8

Sure-Snap Corp. v. State Street Bank & Trust Co., 948 F.2d 869 (2d Cir. 1991)...............8

United States v. International Brotherhood of Teamsters, 948 F.2d 1338 (2d Cir. 1991)..........................................................................................................................10

W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., 92 F. Supp. 112 (E.D.N.Y. 1950) ...........................................................................................................4

## STATUTES

28 U.S.C. § 1927 ...........................................................................................................1, 9

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1

2177436 v1

## PRELIMINARY STATEMENT

Defendant NYP Holdings, Inc. ("NYP"") respectfully submits this memorandum of law in support of its motion to dismiss the claims of plaintiffs Daniel Paulino ("Paulino") and Eva Lee ("Lee") pursuant to Fed. R. Civ. P. 12(b)(6). As set forth in this memorandum and in the accompanying declaration of Barry I. Levy ("Levy Decl."),[1] Paulino and Lee's claims in this action are nothing more than the re-assertion of prior claims that were or could have been raised in no fewer than three prior actions – all of which were dismissed with prejudice by stipulation between the parties and so-ordered by the Court.  In their most recent attempt to harass NYP with vexatious litigation, Paulino and Lee deliberately frame their allegations in the vaguest possible manner, but that subterfuge cannot conceal that their inchoate claims are completely barred by *res judicata* and subject to dismissal.  Considering that the law firm that filed this latest nuisance suit also filed each of the prior actions against NYP – and stipulated to the dismissal of all of those prior actions with prejudice – this Court not only should dismiss, but also should impose sanctions pursuant to 28 U.S.C. § 1927.

## STATEMENT OF RELEVANT FACTS[2]

The present action is the latest in a series of baseless lawsuits filed either by Lee and/or Paulino against the Post.  In this action, Lee and Paulino seek to pursue claims against the Post

---

[1]    All exhibits referred to in this memorandum of law are attached the accompanying declaration of Barry I. Levy, Esq.

[2]    In deciding this motion to dismiss, the Court is entitled to look to the documents filed in connection with Paulino and Lee's previous lawsuits against NYP and related entities. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142 (2d Cir. 1993); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.,* 170 F.R.D. 361 (S.D.N.Y. 1997) (on a Rule 12(b)(6) motion, courts may take judicial notice of facts in the public record that are submitted to them by litigants).  As a matter of convenience, the relevant documents are attached to the accompanying Levy Decl.

despite having both previously filed lawsuits that were dismissed with prejudice and which alleged discrimination or some variation. As discussed within the accompanying declaration and the attached exhibits, between 2005 and 2007, NYP was named and required to defend no less than 3 prior lawsuits filed by these same plaintiffs. Each of those lawsuits were either voluntarily dismissed with prejudice in the face of pending motions, or determined to be meritless by other Judges in this District. For example:

| Plaintiff | Date Action Filed | Judge | Disposition Date | Disposition |
|---|---|---|---|---|
| | | | | |
| Lee | July 17, 2007 | Rakoff | February 8, 2008 | Dismissed with prejudice by so-ordered stipulation following Post's filing of motion for summary judgment |
| Paulino | May 11, 2005 | Daniels | October 5, 2005 | Dismissed with prejudice by so-ordered stipulation |
| Paulino | January 4, 2006 | Daniels | May 7, 2007 | Memorandum Decision and Order Issued by Court dismissing Paulino's claims |
| Paulino | October 3, 2007 | Daniels | January 28, 2008 | Dismissed with prejudice by so-ordered stipulation following Post's filing of motion to dismiss and for sanctions |

Despite having executed and filed no less than three stipulations which were So-ordered by this Court and which provided for the dismissal of all claims that "were or could have been asserted against" NYP over the past 3 years, both Lee and Paulino have sought through this most recent action to present claims for discrimination that either were or could have been advanced in one of more of the prior actions they filed and voluntarily dismissed with prejudice.

## ARGUMENT

### I. DISMISSAL UNDER RULE 12(B)(6) IS AVAILABLE WHERE, AS HERE, THE COURT CAN TAKE JUDICIAL NOTICE OF PRIOR AJUDICATORY FACTS.

In *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires *more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 127 S.Ct. at 1959 (citations omitted) (emphasis added). According to the Court, plaintiffs must allege "enough facts to state a claim to relief that is *plausible on its face*," and when they "have not nudged [their] claims across the line from conceivable to plausible, [their] complaint must be dismissed." *Id*. at 1960 (emphasis added). The controlling law is clear: "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). Accordingly, "[a] motion to dismiss is properly granted when a complaint . . . provides no 'more than labels and conclusions . . .'" and when the factual allegations fail "'to raise a right to relief above the speculative level.'" *Ceveceria Modelo, S.A. v. USPA Accessories LLC*, 2008 WL 1710910, at *2 (S.D.N.Y. Apr. 10, 2008) (Baer, J).

In deciding a Rule 12 (b)(6) motion, the district court may consider the "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and . . *matters of which judicial notice may be taken*." *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)(emphasis added); *see also Gant v. Wallingford Board of Education*, 69 F.3d 669, 673 (2d Cir. 1995). More specifically, in deciding such motions, the Court is entitled to take into account documents filed in connection with prior litigation as well as prior decisions that have been issued. *See Brass v. American Film*

3

*Technologies, Inc.,* 987 F.2d 142 (2d Cir. 1993); *Day v. Moscow,* 955 F.2d 807 (2d Cir. 1992) (courts take judicial notice of prior court records and decisions); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.* 170 F.R.D. 361 (S.D.N.Y. 1997)(on a Rule 12(b)(6) motion, courts may take judicial notice of facts in the public record that are submitted to them by litigants).

It is well-settled that a defendant may present a challenge to a complaint based on the doctrines of *res judicata* and/or collateral estoppel through a motion pursuant to Rule 12(b)(6). *See W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc.*, 92 F. Supp. 112, 113 (E.D.N.Y. 1950); *aff'd* 186 F.2d 236 (2d Cir. 1951); *see also Day, supra,* 955 F.2d at 811 ("Generally *res judicata* is an affirmative defense to be pleaded in the defendant's answer. ... However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer").

## II. RES JUDICATA REQUIRES DISMISSAL OF PAULINO'S AND LEE'S CLAIMS PURSUANT TO RULE 12(b)(6)

Consideration of the court filings and dispositions in *Paulino I, Paulino III,* and *Lee I* clearly demonstrate that *res judicata* forecloses the claims that Paulino and Lee have asserted in this action because they are nothing more than the (i) disguised re-assertion of claims that already have been dismissed against NYP, or (ii) claims that could have been presented against NYP in the prior actions that were dismissed with prejudice.. *See Perez v. Danbury Hospital,* 347 F.3d 419, 426 (2d Cir. 2003) (*res judicata* precludes parties from litigating issues that were or could have been raised in a prior proceeding); *see also Rose v. Bethel,* 2007 WL 2476389 at *7 (S.D.N.Y. 2007) (same).

To establish that a claim is precluded under the doctrine of *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action

4

involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001); *quoting Monahan v, New York City Department of Corrections*, 214 F.3d 284-285 (2d Cir. 2000). All three factors apply in this actions.

First, there is no question that the stipulations and orders entered by this Court in *Paulino I*, *Paulino III*, and *Lee I* operate as final judgments for purposes of the present motion. *Marvel Characters v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002); *see also Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986) ("Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, *but as to all relevant issues which could have been but were not raised and litigated in the suit*")(internal quotations and citations omitted)(emphasis added). Second, both Paulino and NYP were the actual parties in *Paulino I and III*, and Lee and NYP were the actual parties in *Lee I*.

Finally, the claims that have been asserted by Paulino and Lee in the present case either were, or could have been, asserted against NYP in *Paulino I and III* and *Lee I*. As the Second Circuit has noted, "[w]hether a claim that was not raised in the previous action could have been raised therein depends *in part* on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Marvel Characters, supra*, 310 F.3d at 287 (internal quotations and citations omitted) (emphasis in original). "To determine whether two actions arise from the same transaction or claim, we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* By all of these metrics, Lee and Paulino's claims are barred.

5

Not only does Lee allege "transactionally related" claims – she alleges the *exact same* claims in this action that she alleged in *Lee I*, which was dismissed with prejudice. For example, the present complaint alleges that NYP discriminated against Lee based on gender by (i) denying her the opportunity to work; and (ii) assigning her onerous tasks. These are the identical claims advanced in *Lee I* which were dismissed with prejudice by stipulation[3]   Likewise, most of Paulino's claims in this matter are the exact same claims that he asserted – and dismissed with prejudice – in *Paulino I*.   For example the present Complaint contends that NYP discriminated against Paulino by (i) preventing his promotion from "Apprentice" to "Journeyman" status and (ii) transferring non-minority Journeymen from another newspaper to work at the Post, thus depriving minority NYP Apprentices of the opportunity to gain sufficient seniority to become Journeymen.   Those claims are virtually identical to the claims advanced in *Paulino I* and *Paulino II* which were dismissed, with prejudice, either by stipulation or decision.

Only one claim Paulino raises is not directly precluded by the disposition in *Paulino I* – *i.e.*, that the Post's May 2006 transfer of outside Journeymen into Paulino's shop in a purported effort to thwart his promotion.   This claim, however, is transactionally related to the purported ERISA claims that he raised, and dismissed with prejudice, in *Paulino III*.   That is so for the following reasons:

*First*, the underlying facts are related in time – as evidenced by the fact that Paulino initially raised his ERISA claims together with Title VII and state human rights law discrimination claims in *Paulino I* and *II*.

---

[3]       Indeed, as noted above, Lee's counsel actually filed a declaration in this matter recounting Frank & Associates' belated effort to persuade Lee that her claims were barred by *res judicata*.

_Second_, the underlying facts are related in space and origin, inasmuch as Paulino's ERISA claims and his human rights claims all are predicated on his employment as an NYP pressman.

_Third_, the facts underlying Paulino's ERISA-based claims in Paulino III and his Title VII and state law human rights claims in the instant case form a convenient trial unit – as evidenced by the fact that Paulino himself filed two prior actions (_Paulino I_ and _Paulino II_) in which he combined his ERISA, Title VII, and state law claims.

_Fourth_, treatment of the facts underlying Paulino's claims in _Paulino III_ and the facts underlying Paulino's claims in this action as a single unit definitely "conforms to the parties' expectations or business understanding or usage" based upon Paulino's repeated filing of lawsuits in which ERISA and civil rights claims were combined.

In applying these criteria it must be born in mind that whether two claims are transactionally related requires a pragmatic analysis of the factual contex. The "notion of a 'transaction' is prismatic in the sense that it takes coloration from its surroundings. It must be given a flexible, common-sense construction that recognizes the reality of the situation." _Interoceanica Corp. v. Sound Pilots_, 107 F.3d 86, 91 (2d Cir. 1997). In each case, "[t]he essential question is whether the overlapping facts are sufficiently related to each other so as to constitute a single transaction or series of transactions," so that plaintiffs cannot evade application of _res judicata_ by splitting their claims into several different lawsuits. _Cameron v. Church_, 253 F. Supp. 2d 611, 620 (S.D.N.Y. 2003). In the instant case, Paulino cannot be heard to claim that NYP's purported ERISA violations in _Paulino III_ are insufficiently related to his civil rights claims in the instant case, considering that he has filed two previous actions (_Paulino_

*I* and *Paulino II*) in which he alleged ERISA and civil rights violations as a single course of supposedly oppressive conduct.

The Second Circuit additionally instructs that "[a]lso dispositive to a finding of preclusive effect, is whether an independent judgment in a separate proceeding would impair or destroy rights or interests established by the judgment entered in the first action." *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 874 (2d Cir. 1991) (internal quotations and citations omitted). In *Paulino I and III*, Paulino stipulated to the dismissal with prejudice of "all claims that were or could have been asserted" against NYP. This is not a case in which a court is asked to interpret the meaning of an ambiguous stipulation of dismissal. Far from it – Paulino twice stipulated to the dismissal of any and all claims that it was possible for him to assert. Paulino's stipulation in *Paulino III* – which was filed on October 3, 2007 – plainly precludes any claims that had ripened and *could have been filed by that date*, whether or not they were transactionally related to the claims in *Paulino III*. His current claim concerning actions taken by NYP in May 2006 clearly fit that description. Accordingly, NYP has a right to repose created by the above-described stipulations that would be destroyed altogether if Paulino is permitted to pursue this latest harassment suit. *See EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) ("*Res judicata* is a rule of fundamental repose important for both the litigants and for society. ... It relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication.") (Internal quotations and citations omitted). Furthermore, "*[r]es judicata* may not be avoided on the basis of overbroad pleading appearing in the initial complaint or an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice." *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 837 (2d Cir. 1991).

For all the foregoing reasons, all claims of both Lee and Paulino that are asserted in this are precluded by operation of law.

## III.    SANCTIONS SHOULD BE IMPOSED PURSUANT TO 28 U.S.C. § 1927

As of today, NYP has been forced to spend vast amounts of time and money defending no fewer than four separate lawsuits filed by Paulino and Lee.  Even the most cursory review of the dockets in *Paulino I, II, III, Lee I* and the present case will reveal that Frank & Associates have evinced a shocking disregard for the facts and the law – to say nothing of their incomprehensible pleadings, which display a similar disregard for the basic requirements of Rule 8.  Frank & Associates have filed complaint after complaint, without making even the most basic investigation into whether there is any factual or legal basis for their clients' claims.  As a result, they have filed only to later withdraw case after case, with prejudice.  In *Paulino II* – the one suit they pursued to decision – Judge Daniels summarily dismissed Paulino's, finding that they were bereft of any factual or legal merit.

Given this history, it is appalling and abusive for Paulino and Lee, who have repeatedly stipulated to the dismissal, with prejudice, of their earlier claims against NYP – including all claims "that could have been brought" – should attempt to resurrect those same claims in the instant using the very same law firm that represented them before.  There is no excuse for this transparent attempt to beleaguer NYP with previously resolved and duplicative claims in a new lawsuit that is unquestionably vexatious and harassing.   Under these circumstances, NYP respectfully submits that the Court should issue an order imposing sanctions pursuant to 28 U.S.C. §1927 and the Court's inherent power, and direct that NYP be reimbursed for the sums it was forced to expend to file this motion.  *See* 28 U.S.C. § 1927("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so

9

multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); *see also United States v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) (an award under §1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose); *Revson v. Cinque & Cinque,* 221 F.3d 71, 79 (2d Cir. 2000) (court has power to award attorneys' fees under the inherent power doctrine).

## CONCLUSION

For the reasons discussed within this memorandum, it is respectfully submitted that the Defendant's motion should be granted in its entirety.

Dated: Uniondale, New York
      August 26, 2008

Respectfully submitted,

RIVKIN RADLER LLP

By: _____

Barry I. Levy
Kenneth A. Novikoff
Max Gershenoff, Esq.
926 RexCorp Plaza
Uniondale, New York  11556
(516) 357-3000

      -and-

HOGAN & HARTSON, LLP
Michael Starr
Christine Marie Wilson
875 Third Avenue
New York, New York  10022
(212) 918-3000

*Counsel for Defendant NYP Holdings, Inc.
s/h/a News Corp.*

10