UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLY MALONE, et. al.,

                                 Plaintiffs,      Docket No.:
                                                     07 CV 9583 (LTS)(GWG)

                         -against-

NEW YORK PRESSMEN'S UNION NUMBER 2 and
NYP HOLDINGS, d/b/a THE NEW YORK POST,

                                 Defendants.
------------------------------------------------------------------X

## **DECLARATION OF BARRY I. LEVY**

      Barry I. Levy, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

      1.     I am a partner in the firm of Rivkin Radler LLP, co-counsel for Defendant NYP Holdings, Inc. ("NYP"). I have personal knowledge of the facts set forth in this declaration.

      2.     This declaration respectfully is submitted in support of NYP's motion to dismiss the claims asserted against it by Plaintiffs Eva Lee ("Lee") and Daniel Paulino ("Paulino"), as well as to impose sanctions upon Frank & Associates, PC, the attorneys who filed this action, pursuant to 28 U.S.C. § 1927.[1]

      3.     The present action is the latest in a series of baseless lawsuits filed either by Lee and/or Paulino against NYP. Lee and Paulino seek to pursue claims against NYP in this case despite the fact that each of their prior lawsuits (i) alleged discrimination or some variation, and (ii) have been dismissed, with prejudice, pursuant to so-ordered stipulations executed by the same counsel who filed the present action.

---

[1]    Paulino is an NYP pressroom employee, and Lee is an NYP mailroom employee.

## II.     Relevant Procedural Facts - Lee

4.     On July 17, 2007, Lee commenced her first lawsuit ("*Lee I*") against NYP (Docket No. 07-CV-6475) (A copy of the Complaint in *Lee I* is attached hereto as Exhibit "1").[2] The complaint in *Lee I* asserted both gender discrimination and retaliation claims against NYP under Title VII, the New York State Human Rights Law, and the New York City Human Rights Law.

5.     Lee was represented in *Lee I* by Frank & Associates, P.C., the same law firm that filed this action and represented Paulino in each of the three lawsuits that precede the present action.

6.     Following discovery in *Lee I*, NYP moved for summary judgment on January 18, 2008. (See Docket Sheet in *Lee I* – attached as Exhibit "2" – Docket Entry No. 9-12). Rather than opposing NYP's summary judgment motion, Lee (through her counsel) executed a stipulation dismissing *Lee I* with prejudice. The stipulation was So-ordered by Judge Rakoff on February 8, 2008. (*See* 2-8-08 So-Ordered Stipulation – attached as Exhibit "3").

## II.     Relevant Procedural Facts - Paulino

### A.     Paulino I

7.     On May 11, 2005, Paulino commenced his first lawsuit ("*Paulino I*") against NYP and his union, New York Newspaper Printing Pressmen's Union Local No. 2 ("Local 2" or the "Union") (Docket No. 05-CV-4647) (The Complaint in Paulino I annexed hereto as Exhibit "4").

8.     In *Paulino I*, Paulino alleged that NYP and Local 2 discriminated against him because of his race in violation of Title VII, the New York State Human Rights Law, and the

---

[2]     *Lee I* also named Raymond Walsh, Jr., the former NYP Pressroom Superintendent, as a defendant.

New York City Administrative Code. (*See* Exhibit "4" at pages 9-11).[3] Specifically, Paulino contended that the NYP and Local 2 discriminated against him by preventing his promotion from "Apprentice" to "Journeyman" status. (Exhibit "4" at pages 4-7). In addition, Paulino alleged that Local 2 – but not NYP – violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA") by failing to notify him that he was eligible for continued medical coverage after his healthcare coverage was terminated, and that Local 2 breached its duty of representation to him under the Labor Management Relations Act ("LMRA"). (Exhibit "4" at pages 12-13).

9. On July 6, 2005, Paulino amended his complaint, but continued to assert race discrimination claims against NYP and Local 2 under Title VII, the New York State Human Rights Law, and the New York City Administrative Code. (The Amended Complaint in *Paulino I* is attached annexed hereto as Exhibit "5" - *See* ¶¶ 50-64). Paulino also continued to assert a claim against Local 2 for allegedly violating COBRA (Exhibit "5" at ¶¶ 65-67) and the LMRA (Exhibit "5" at ¶¶ 74-77). In addition, Paulino asserted new claims against Local 2 – but not NYP – for alleged violations of ERISA (Exhibit "5" at ¶¶ 68-73). Like Paulino's COBRA claims against Local 2, the ERISA claims were based on the cancellation of Paulino's healthcare coverage – essentially, Paulino alleged that Local 2 wrongfully terminated his healthcare coverage for failure to voluntarily sign an enrollment form, then failed to notify him that his coverage was cancelled. (Id.)

10. On August 1, 2005, Local 2 moved for summary judgment and to dismiss the Amended Complaint. (The Local 2 Motion to Dismiss is attached hereto as Exhibit "6").

---

[3] Page numbers rather than paragraph references are used because the Complaint is mis-numbered throughout.

11. NYP elected to answer. (The Docket Sheet in Paulino I is attached hereto as Exhibit "7").

12. Paulino's response to Local 2's motion was an August 29, 2005 memorandum in opposition that conceded the absence of any factual or legal support for the majority of the claims Paulino asserted, and withdrew (with prejudice) all of the claims against Local 2 with the exception of the Title VII claims. (The August 29, 2005 Opposing Memorandum is attached hereto as Exhibit "8" – *See* pages 9-10). While Paulino withdrew his discrimination claims against Local 2 under the New York State Human Rights Law, and the New York City Administrative Code, he alleged in his August 29, 2005 memorandum that those claims remained valid as against NYP, and added that "[t]his information will be clarified in a second amended complaint." (Exhibit "8" at page 9).

13. At the same time, Paulino filed a one-page motion seeking to add Publishers'-Pressmen's Welfare Fund (the "Fund") as a party to Paulino I. The Fund was the actual entity that provided healthcare benefits to Local 2 members such as Paulino. (Exhibit "7" – Docket entry No. 20).

14. On September 6, 2005, Paulino filed a further motion seeking to amend/correct the Amended Complaint to, among other things, "clarify" claims against NYP and Local 2. Attached to the motion was a Proposed Second Amended Complaint. (The Motion to Amend and Proposed Second Amended Complaint are attached hereto as Exhibit "9"). The Proposed Second Amended Complaint abandoned the state and city discrimination claims against NYP, but continued to assert Title VII claims against NYP based upon its: (i) alleged failure to oppose Local 2's refusal to promote Paulino to Journeyman status; and (ii) purported failure to prevent Local 2 from interfering with Paulino's medical benefits. (Exhibit "9" at ¶¶ 84-91).

Furthermore, the Proposed Second Amended Complaint asserted claims against both NYP and the Fund (as "co-administrators") for alleging breaching their fiduciary duty in violation of ERISA based upon the Fund's decision to deny Paulino healthcare coverage. (Exhibit "9" at ¶¶ 83-91; 92-105).

15. NYP was never required to respond to Paulino's motion to file his Proposed Second Amended Complaint because, in late September 2005, Paulino sought an order from the Court for permission to withdraw all claims against NYP. The Court granted this request by Order dated September 30, 2005. (A copy of the September 30, 2005 Order is attached hereto as Exhibit "10").

16. On October 4, 2005, counsel for Paulino and NYP filed a jointly executed Order and Stipulation of Dismissal With Prejudice, which was so-ordered by the Court on October 5, 2005. The Order and Stipulation provided for the dismissal of all claims that "were or could have been asserted against" NYP in *Paulino I* pursuant to Fed. R. Civ. P. 41(a). (A copy of the October 4, 2005 Stipulation is attached hereto as Exhibit "11").

17. Notwithstanding the dismissal of Paulino's claims against NYP, the litigation in *Paulino I* continued. On December 14, 2005, the Court denied Paulino's motion to file the Proposed Second Amended Complaint. (See Exhibit "7" – Docket Entry No. 35). However, the Court granted Paulino's motion to add the Fund as a defendant, granted Paulino leave to file a Proposed Third Amended Complaint (i.e., the fourth version of the pleading), and granted Local 2 and the Fund the right to file any supplemental memoranda and/or declarations opposing the proposed pleading in advance of a conference that was then scheduled for March 1, 2006. (See Exhibit "7" – Docket Entry No. 35).

**B.     Paulino II**

14.    Rather than follow the Court's direction, Paulino's counsel filed an entirely new action on January 4, 2006 ("*Paulino II*") (Docket No. 06-CV-0053) (The Complaint in Paulino II annexed hereto as Exhibit "12"). Accordingly, on January 31, 2006 the Court dismissed *Paulino I*. (See Exhibit "7" – Docket Entry No. 40).

18.    NYP was not named as a defendant in *Paulino II* because of the Order and Stipulation in *Paulino I*. However, the complaint in *Paulino II*: (i) named Local 2, as well as the Fund, its administrator and trustees as defendants; (ii) alleged that Local 2 discriminated against Paulino by preventing his promotion from "Apprentice" to "Journeyman" status, then retaliated against him for his complaints in violation of Title VII (42 U.S.C. § 1981) and the Labor Management Reporting and Disclosure Act ("LMRDA"); and (iii) asserted various claims for violation of ERISA based upon the cancellation of Paulino's healthcare benefits. (Exhibit "12" at ¶¶ 68-89).

15.    On February 17, 2006, Local 2 and the Fund filed motions to dismiss and/or for summary judgment.

19.    Paulino did not oppose the Fund's motion, and the Court dismissed Paulino's claims against the Fund with prejudice, on April 5, 2006. (A copy of the April 5, 2006 Order in *Paulino II* is attached hereto as Exhibit "13").

20.    On May 7, 2007, the Court issued a memorandum opinion and order which terminated dismissed all of Paulino's remaining claims in the litigation against Local 2. (A copy of the May 7, 2007 Memorandum Opinion and Order annexed hereto as Exhibit "14"). Notably, the Court made specific findings of fact in its decision which essentially concluded that: (i) Paulino's claims were meritless; and (ii) Paulino consistently disregarded clear evidence which

showed that his claims were meritless. For instance, the Court observed that: (i) Paulino had not even made out a prima facie case of discrimination or retaliation (Exhibit "14" at pages 4-11); (ii) Paulino sought to "ignore or avoid" evidence that eviscerated his discrimination claims (Exhibit "11" at pages 6, 8); (iii) Paulino's LMDRA claim was invalid (Exhibit "14" at pages 11-14); and (iv) the termination of Paulino's healthcare benefits was justified because Paulino failed to make the requisite pre- or post-tax contributions necessary to sustain coverage Exhibit "14" at page 14).

### C. Paulino III

21. On October 3, 2007 – despite having entered into a stipulation dismissing with prejudice all claims that "were or could have been asserted against" NYP in *Paulino I* – Paulino filed a new action against NYP ("*Paulino III*") (Docket No. 07-CV-8593). (A copy of the Complaint in *Paulino III* is attached hereto as Exhibit "15").

22. Though the complaint in Paulino III was vague, Paulino appeared to allege that NYP breached its fiduciary duty to Paulino under ERISA by: (i) failing to contribute to his healthcare plan; (ii) discriminating against Paulino by charging some employees less than he was charged for healthcare premiums; and (iii) canceling Paulino's health insurance in retaliation for his refusal to enroll in a pre-tax withholding plan. (Exhibit "15" at ¶¶ 35-56). Remarkably, Paulino filed *Paulino III* despite the fact that – in Paulino II – Paulino litigated to conclusion a vast array of ERISA claims involving the termination of his healthcare coverage under his benefits plan. Furthermore, Paulino filed *Paulino III* despite the fact that Paulino could have raised his ERISA claims against NYP in *Paulino I* – this was evidenced by the fact that, in *Paulino I*, Paulino actually attempted to file a Proposed Second Amended Complaint containing

such claims <u>before</u> he stipulated to the dismissal with prejudice of all claims that "were or could have been asserted against" NYP in that action.

23. Frank & Associates, P.C., ("Frank & Associates") is the law firm that represented Paulino in each of the lawsuits that he has filed in the past 3 years.

24. On November 8, 2007, NYP moved in *Paulino III*, to dismiss, for summary judgment, and for sanctions against Paulino and Frank & Associates (A copy of the Docket Sheet is attached as Exhibit "16" – See Docket Entry No. 4-6). The motion was based, <u>inter alia</u>, on principles of <u>res judicata</u>, and on the fact that Paulino and his counsel continued to abuse the system by filing vexatious, precluded claims.

25. Faced with NYP's motion, on January 3, 2008 Frank & Associates – on behalf of Paulino – once again stipulated to the dismissal with prejudice of "all claims that were or could have been asserted by Paulino" against NYP pursuant to Fed. R. Civ. P. 41(a). The Court so-ordered the stipulation on January 28, 2008. (A copy of the January 3, 2008 Stipulation and Order is attached hereto as Exhibit "17").

26. Since the *Paulino III* complaint was filed on October 7, 2007, the January 2008 dismissal necessarily applied to any claim that had accrued as of that date and, therefore, "could have been asserted by Paulino" in *Paulino III*. Claims asserted in the present lawsuit that are predicated on actions that NYP took in May 2006 regarding to the transfer of certain "outside" Local 2 pressmen allegedly as is alleged in the present Complaint as paragraphs 61- 78 and 92-103), would clearly be encompassed by the stipulation of dismissal in *Paulino III*.

### III.  The Present Action

27.  On October 26, 2007, the present action was filed against NYP and Local 2. An Amended Complaint was filed on January 23, 2008 (*See* Docket Sheet – attached as Exhibit "18"). The Amended Complaint alleges that NYP committed various violations of Title VII and the New York State Human Rights Law by discriminating against Paulino, Lee, and the other plaintiffs based upon race and gender. (*See* Amended Complaint – attached as Exhibit "19")[4]

28.  Although the Amended Complaint is brought in the name of multiple plaintiffs, it fails to specify which claims apply to which plaintiffs.

29.  The most logical reading of the Amended Complaint appears to contend that NYP discriminated against Lee by (i) denying her the opportunity to work (Exhibit "19" at ¶¶ 53-57, 89-90, 95-96, 119); and (ii) assigning her onerous tasks (Exhibit "19" at ¶¶ 80-82). These are the same claims that were advanced in *Lee I* and which were dismissed with prejudice by stipulation.

30.  In addition, the Amended Complaint appears to contend that NYP discriminated against Paulino by (i) preventing his promotion from "Apprentice" to "Journeyman" status (Exhibit "19" at ¶¶ 90-102; 111-112, 120-124, 137; and (ii) transferring non-minority Journeymen from another newspaper to work at NYP, thus depriving minority NYP Apprentices of the opportunity to gain sufficient seniority to become Journeymen (Exhibit "19" at ¶¶ 60-71, 74-78, 92-102, 111-112). The claim regarding the alleged discrimination regarding Paulino's promotion to Journeyman status is, virtually identical to the claims advanced in *Paulino I* and *Paulino II*. As noted above, *Paulino I* was dismissed with prejudice pursuant to a So-Ordered Stipulation, and Judge Daniels issued a decision in *Paulino II* finding that the discrimination claims were without legal merit.

---

[4]  For purposes of this motion, there is no practical difference between the Complaint and Amended Complaint in this action.

31. The only arguable difference between the prior actions and the present complaint is the theory that "[i]n or about May 2006," NYP and Local 2 thwarted his promotion to Journeyman status by transferring non-minority Journeymen from another newspaper to work at NYP. (Exhibit "19" at ¶¶ 60-71, 74-78, 92-102, 111-112). However, as noted above, in *Paulino III* – which was filed on October 3, 2007 – Paulino stipulated to the dismissal with prejudice of "all claims that were or could have been asserted by Paulino" against NYP pursuant to Fed. R. Civ. P. 41(a)

32. Accordingly, all of Paulino's claims against NYP in the present action are based on events that occurred well before he filed *Paulino III*, and in some cases before Paulino filed *Paulino I*. As noted above, in *Paulino I* and *Paulino III*, Paulino specifically stipulated to the dismissal with prejudice of "all claims that were or could have been asserted" against NYP.

33. On March 11, 2008, I wrote to Neil M. Frank, Esq. ("Mr. Frank"), of Frank & Associates, to apprise him that Paulino and Lee's claims in the instant action are barred by principles of *res judicata*, as the result of the stipulations of dismissal filed in their earlier litigation against NYP. (A copy of the March 11, 2008 Letter is attached as Exhibit "20"). I advised Mr. Frank that any failure to immediately dismiss Paulino and Lee's claims against NYP in this action would result in motion practice, and that NYP would seek sanctions as an element of any motion to dismiss.

35. On April 22, 2008, Frank & Associates moved this Court to withdraw as attorneys for Lee. (See Exhibit "21" – Docket Entry No. 41). According to the Affirmation filed by Frank & Associates associate Jennifer L. DeVenuti, Esq. in support of the motion, Frank & Associates advised Lee that her claims were barred by *res judicata*, yet Lee nonetheless refused to withdraw

her claims. (A copy of the April 22, 2008 Affirmation is attached hereto as Exhibit "22").[5] On May 7, 2008, this Court granted Frank & Associates' motion to withdraw as counsel for Lee and directed her to appear by substitute counsel within 30 days. (See Exhibit "21" – Docket Entry No. 45). It should be noted that Lee has never appeared in this action by substitute counsel or indicated that she will be proceeding *pro-se* despite the Court's order.

34.     By letter dated April 17, 2008, Mr. Frank advised me that he would not dismiss Paulino's claims against NYP, despite the fact that the events forming the basis for Paulino's claims in the instant action: (i) predated the complaint in *Paulino III* by more than 15 months; (ii) predated the stipulation dismissing with prejudice any claims Paulino could have asserted against NYP in *Paulino III* by more than 18 months; and (iii) in many cases predated the stipulation dismissing with prejudice any claims Paulino could have asserted against NYP in *Paulino I*. (A copy of the April 17, 2008 Letter is attached hereto as Exhibit "23").

35.     On April 28, 2008, I once again wrote to Mr. Frank in an effort to avoid the present motion and to advise him that NYP would seek sanctions if he refused to dismiss the claim on behalf of Paulino. (A copy of the April 28, 2008 Letter is attached hereto as Exhibit "24"). Mr. Frank never responded to that letter and no action was taken, thus necessitating the present motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Uniondale, New York on August 26, 2008,

_____
Barry I. Levy

2177433v.1

---

[5]     Considering that Frank & Associates represented Lee in *Lee I*, they might reasonably be expected to have known that Lee's claims in this action would be precluded before they filed this action.