# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EVA LEE,

                Plaintiff,

-Against-

NYP HOLDING INC, and RAYMOND WALSH,
JR., an individual,

                Defendants.
-----------------------------------------------------------X

JUDGE RAKOFF

COMPLAINT

07 CIV 6475

Jury Trial Demanded

    Plaintiff EVA LEE, by and through her attorneys, FRANK & ASSOCIATES, P.C., complains as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary and affirmative relief based upon Defendants violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, Executive Law § 296 *et seq.* (hereinafter "NYSHRL,"), the New York City Human Rights Law (hereinafter (NYCHRL)), N.Y.C. Admin. Code § 8-107 *et seq*, and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. 1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. 1391; Defendant, The Post maintains offices within the State of New York, County of New York.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC, a true and accurate copy of which is annexed hereto as Exhibit "A."

### III. PARTIES

7. Plaintiff, **Eva Lee**, was at all times relevant herein, a citizen of the State of New York residing in Queens County.

8. At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C § 2000e (f), and "employee" within the meaning of NYSHRL §292(5).

9. At all times relevant herein, Plaintiff has been a "person" within the meaning of NYSHRL §292(1).

10. Upon information and belief, Defendant, NYP Holding Inc. (hereinafter"The Post") is a foreign business corporation doing business at 1211 Avenue of Americas, New York, NY 10036, and is engaged in the business of news reporting and printing.

11. Upon information and belief, at all times relevant herein, Defendant, The Post has been an "employer" within the meaning of 42 U.S.C. § 2000(b), and "an employer within the meaning of NYSHRL §292(5).

12. Upon information and belief, at all times relevant herein, Defendant, the Post employed more than fifteen (15) employees.

13. Upon information and belief, Defendant, Raymond Walsh Jr. was an agent, servant and/or employee of Defendant, the New York Post.

## IV. STATEMENT OF FACTS

14. Plaintiff, Eva Lee ("Plaintiff" or "Ms Lee"), an Asian female, began employment with Defendant, The Post, in or about 2002.

15. Throughout her employment, Plaintiff performed her job in a satisfactory manner.

16. When Plaintiff commenced employment, she started working as a shaper in the mail room at 900 East 132nd Street, Bronx, NY 10454.

17. Upon information and belief, the term "shape" for the mail room refers to the act of calling the Mail room leaving a message, and calling at night to see if you are needed to work.

18. In or about 2001, Plaintiff also worked for New York Times in their mailroom.

19. Upon information and belief, Plaintiff held a union card while employed with New York Times.

20. Plaintiff was not able to have her Union card transferred to The NY Post from The Times.

21. Plaintiff also began to "shape" for Defendant in the pressroom in May 2004.

22. Upon information and belief, the term "shape" for the press room refers to the act of workers showing up at the press room and signing in to be able to work.

23.. While working for Defendant, The Post, Plaintiff was and continues to be, subjected to gender discrimination in the assignment of work as follows:

24. Plaintiff was denied the opportunity to work as a shaper. She received often contradictory excuses when she inquired why she was not chosen to work.

25. On or about October 6, 2004, Plaintiff asked Defendant why she could not work in more than one department. She was told because she had a Union card at the New York Times

and she could not work for both newspapers.

26. Upon information and belief, male workers regularly work in more than one department at The Post the same time.

27. Upon information and belief, male employees work at The Post and New York Times.

28. Upon information and belief, male workers who were fired from The Post were able to work in a different department.

29. Plaintiff was advised she could not work until Joe Vincent, Head of Production of the Bronx facility authorized her to work.

30. During Plaintiff's early employment at the Post, she was a provisional list shaper.

31. Many of the male workers who were provisional shapers with less seniority than Plaintiff would be chosen to shape before Plaintiff.

32. On one occasion, Plaintiff inquired why she was still part of the lottery for jobs, having more job experience that many of the male workers who were chosen.

33. Upon information and belief, there are a significant number of male workers with less experience and below her on the worker list who are afforded more shifts than Plaintiff.

34. In or about July 2004, Plaintiff and her sisters, also employed at The Post were told to work "stack down" in the mailroom.

35. The job involved lifting heavy stacks of newspapers.

36. Females were always assigned to "the stack down", rather than males

37. In or about January 2005, Plaintiff was placed on the casual list.

38. Upon information and belief, casuals are hired to work when NY Post does not have enough journeymen or juniors to work a given shift.

39. Upon information and belief, Plaintiff is the only Asian female on the casual list, and as a

result has been discriminated against because of her sex.

40. Thus, male workers were placed ahead of Plaintiff on the casual list.

41. The Post repeatedly failed to call Plaintiff for available work.

42. Plaintiff has not received her union card from Defendant.

43. Upon information and belief, male workers who began work at The Post after Plaintiff, obtained their union cards.

44. Upon information and belief, there are no female workers who hold the position of Foreman in the mail room and press room.

45. In or about March 2005, Plaintiff asked Defendant, Raymond Walsh Jr. for a week off during April 2005. Her request was approved.

46. Soon after, when Plaintiff reminded Walsh about her request for a week off, he accused Plaintiff of refusing to work.

47. Plaintiff was continuously harassed by an employee in the mail room.

48. On December 21, 2006, Plaintiff filed a complaint with Lloyd Vasquez and Joe Vazzano, Head of Security for Defendant about the unlawful harassment caused by an employee in the mailroom. They advised Plaintiff they would send her complaint to Human Resources.

49. On or about January 5, 2007, one of the Provisional shapers, John Magali threatened Plaintiff on the street, at the location of Broadway and East 3rd Street. The threat was in direct connection to Plaintiff's complaints of discrimination, as Plaintiff was warned not to mention any names, that Plaintiff would be harmed.

50. Plaintiff filed a Complaint in the 9th Precinct of the New York City Police Department on January 8, 2007.

51. On or about January 8, 2007, Plaintiff contacted Human Resources about the incident.

52. On or about January 17, 2007, Plaintiff contacted Human Resources, to inquire whether they investigated the complaint of harassment she made on December 21, 2006. She was advised that they were not aware of any complaint.

53. Defendant knew or should have known of the harassment and failed to remedy plaintiff's complaint.

54. Plaintiff also requested a copy of the Complaint she filed regarding the January 5, 2007 incident.

55. Plaintiff was told by Human Recourses that she was not entitled to a copy of her complaint. She was advised that if she wanted a copy, her attorney would have to submit a written request for the Complaint.

56. Defendant also retaliated Plaintiff because of her complaints of discrimination to the Equal Employment Opportunity Commission.

57. Before filing the complaint, she was one of the first to be hired to work in the mail room. After the complaint, she is one of the last persons asked to work.

58. Based upon the above described actions, Defendants have unlawfully discriminated against Plaintiff based upon sex.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Discrimination under Title VII – sex/gender discrimination)

59. Plaintiff repeats and realleges each and every allegation contained herein.

60. Defendant, The Post violated 42 U.S.C. § 2000e by discriminating against Plaintiff on the basis of her sex and gender.

61. As a proximate result of Defendant, The Post's discrimination, Ms. Lee has suffered and

continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

62. As a further proximate result of Defendant, The Post's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

63. The conduct of Defendant, The Post was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory and punitive damages, expenses and attorney's fees from defendant in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Discrimination sex/gender under NYSHRL)

64. Plaintiff repeats and realleges each and every allegation contained herein.

65. Defendants violated NYSHRL by discriminating against Plaintiff and continue to discriminate against Plaintiff on the basis of her gender and sex.

66. As a proximate result of discrimination, Ms. Lee has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

67. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

68. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled an award of compensatory damages, expenses and attorney's fees from defendant in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Sex/gender disrimination NYCHRL)

69. Plaintiff repeats and realleges each and every allegation contained herein.

70. Defendants violated NYCHRL by discriminating against Plaintiff and continue to discriminate against Plaintiff on the basis of her gender and sex.

71. As a proximate result of discrimination, Ms. Lee has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

72. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

73. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled an award of compensatory damages, expenses and attorney's fees from defendant in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Sexual Harassment Hostile Work Environment-Title VII)

74. Plaintiff repeats and realleges each and every allegation contained herein.

75. An employee of Defendant, who works in the mail room at New York Post, violated Title VII by continuously making lewd and offensive sexual comments which subjected Plaintiff to a hostile work environment which resulted in her fear of safety.

76. Plaintiff complained to Defendant about the unlawful behavior.

77. Defendant, The Post knew or should have known about the harassment of Plaintiff.

78. Defendant, The Post failed or refused to take reasonable action to correct the harassment of Plaintiff and the hostile work environment.

79. Plaintiff has been harassed by Defendant, The Post on the basis of her sex in violation of Title VII, in that Defendant, The Post engaged in a course of conduct which created unequal working conditions and a hostile work environment.

80. As a proximate result of Defendant, The Post's discrimination, Ms. Lee has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

81. As a further proximate result of Defendant, The Post actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

82. The conduct of Defendant, The Post was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory and punitive damages, expenses and attorney's fees from defendant, The Post in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
(Discrimination under Title VII- Retaliation)

83. Plaintiff repeats and realleges each and every allegation contained herein.

84. Plaintiff has been retaliated against due to her complaints of discrimination.

85. Plaintiff was engaged in a protected activity.

86. Defendant, New York Post knew of the activity.

87. Defendant, New York Post should have known about the retaliatory action against Plaintiff.

88. Defendant, New York Post failed or refused to take reasonable action to correct the retaliatory actions against Plaintiff.

89. Defendant, New York Post violated Title VII by retaliating against Plaintiff by taking

adverse actions against Plaintiff because of her complaints of discrimination which resulted in her being in fear of her safety by an employee and or agent of Defendant.

90. As a proximate cause of Defendant, New York Post's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earning, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

91. As a further proximate result of Defendant, New York Post's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

92. The conduct of Defendant, The Post was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory and punitive damages, expenses and attorney's fees from defendant, The Post in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### (NYSHRL Retaliation)

93. Plaintiff repeats and realleges each and every allegation contained herein.

94. Plaintiff has been retaliated against due to her complaints of discrimination.

95. Plaintiff was engaged in a protected activity.

96. Defendants knew of the activity.

97. Defendants should have known about the retaliatory action against Plaintiff.

98. Defendants failed or refused to take reasonable action to correct the retaliatory actions against Plaintiff.

99. Defendants violated NYSHRL by taking adverse actions against Plaintiff because of her

complaints of discrimination which resulted in her being in fear of her safety by an employee and or agent of Defendant.

100. As a proximate cause of Defendants retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earning, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

101. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
(NYSHRL - Aiding and Abetting)

102. Plaintiff repeats and realleges each and every allegation contained herein.

103. Upon information and belief, Defendant, Raymond Walsh Jr. is The Press Room Superintendent of defendant New York Post.

104. The foregoing discriminatory practices pleaded above were aided and abetted by, and with the full knowledge and consent of Defendant Raymond Walsh Jr. in violation of Section §296(6) of the NYSHRL.

105. As a result of the Defendant, Raymond Walsh Jr.'s discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

**WHEREFORE**, as a result of the unlawful discriminatory conduct and actions of the Defendants herein alleged, Plaintiffs demand judgment:

    a.    Declaring Defendants willfully violated the aforementioned statutes;

b.   A permanent injunction enjoining Defendants, its agents, employees, officers and successors in interest and those acting in concert with Defendants, from engaging in the illegal and unlawful customs, policies and practices described herein;

c.   Defendants are ordered to compensate, reimburse and make Plaintiff whole in the form of back pay, front pay and afforded all benefits which would have been afforded Plaintiff but for said discrimination.

d.   That Defendants be ordered to pay Plaintiff compensatory and actual damages in an amount to be determined at trial.

e.   That Defendants be ordered to pay Plaintiff punitive damages in an amount to be determined at trial.

f.   An award of Ms. Lee's cost of suit, including her reasonable attorney's fees;

g.   Defendants are ordered to pay Ms. Lee's pre- and post-judgment interest;

h.   Such other and further relief as the court deems just and proper.

Dated: Farmingdale, New York
       July 9, 2007

                                                FRANK & ASSOCIATES, P.C.
                                                *Attorneys for Plaintiff*

                                        By: _____
                                                Neil M. Frank  (NF 0521)
                                                500 Bi-County Blvd., Suite 112N
                                                Farmingdale, New York 11735
                                                Tel: (631) 756-0400

Exhibit A

Case 1:07-cv-09583-LTS    Document 50-2    Filed 08/26/2008    Page 14 of 15

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Eva Lee<br>40-18 247th Street<br>Little Neck, NY 11363 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-00511 | Sean J. Oliveira, Investigator | (212) 336-3760 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination In Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr., Director

11/30/07 (Date Mailed)

cc:
Jordan J. Lippner, Esq.
Associate General Counsel
NEWS AMERICA INC.
1211 Avenue of the Americas
New York, NY 10036

Jennifer L. Mazzo, Esq.
500 BI-COUNTY BOULEVARD
SUITE 112-N
Farmingdale, NY 11735