# EXHIBIT 24



BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

April 29, 2008

**By Facsimile and Mail**
Neil M. Frank, Esq.
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735

   Re: Malone et. al. v. New York Pressmen's Union Number 2, et. al.,
     Case No. 07-CV-9583
     Our File No.: 009286-00003

Dear Mr. Frank:

As you are aware, we are co-counsel to NYP Holdings, Inc. ("NYP") in this matter.

We have reviewed your motion seeking to withdraw as counsel on behalf of Eva Lee in this matter in which you acknowledge that her claims against NYP are barred by the doctrine of *res-judicata*. In light of the motion to withdraw, we believe that the proposed amended complaint that has been filed in connection with the pending motion to amend must be further amended to eliminate any claim relating to actions taken by NYP that concerns "casuals" because you no longer represent a party who has standing to assert such a claim. Please advise us within 10 days from the date of this letter whether you intend to further amend the proposed amended complaint in this matter so as to avoid the need for motion practice before Judge Swain on this issue.

On a separate but related note, we are puzzled by your position regarding the application of the same *res-judicata* principles to Daniel Paulino whose claims against NYP appear to relate solely to the transfer of journeymen following the execution of the May 11, 2006 letter agreement between NYP and New York Printing Pressmen's Union Local No. 2 ("Local 2")(the "Commercial Agreement"). It is our understanding that those transfers took place within weeks following the execution of the Commercial Agreement. *Paulino v. News Corp.*, Docket No. 07-CV-8593 (GBD) (the "*Paulino Litigation*") was filed by your firm in the Southern District of New York on October 3, 2007, more than 15 months following the transfers. The stipulation terminating the *Paulino Litigation* that was executed on behalf of Mr. Paulino and So-Ordered by Judge Daniels stated:

926 RexCorp Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street
Court Plaza South • West Wing
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495

www.rivkinradler.com

**RIVKIN RADLER**
— ATTORNEYS AT LAW —

Neil M. Frank
April 29, 2008
Page 2

all claims that were or could have been asserted by Paulino against the Defendants in the above-captioned action shall be, and are hereby dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, because the events forming the basis for the Mr. Paulino's claims against NYP pre-dated the filing of the *Paulino Litigation* by more than a year, and the claims would have been known at the time the complaint in the *Paulino Litigation* was filed, there is no legitimate basis for your position. As such, we are once again requesting that you immediately dismiss the claims asserted in this matter against NYP on behalf of Mr. Paulino.

I would reiterate that we are seeking to avoid having to file a pre-answer motion for summary judgment with respect to these issues. Should you force our hand, we will request that the Court impose sanctions and compel you to reimburse our client for the legal fees expended pursuant to Rule 11 and 28 U.S.C. § 1927.

Your attention to this matter is appreciated.

Very truly yours,

RIVKIN RADLER LLP



Barry I. Levy

BIL/lg

cc: Jordan Lippner, Esq.
    Ken Novikoff, Esq.
    Michael Starr, Esq.
    Daniel Engelstein, Esq.